**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **General Electric Capital Corp.,** | ) | **CASE NO. 1:10 CV 2935** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Domino Logistics Co., et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 20).  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, General Electric Capital Corporation, filed its Complaint against defendants, Domino Logistics Co. and J. Ross Haffey.   All claims have been stayed as to defendant Domino due to its bankruptcy filing. Plaintiff is a corporation located in Connecticut in the business of, *inter alia*, providing financing for commercial equipment sales to its customers, including commercial construction equipment, tractors, and trailers.

1

Ronald Delorge, a representative of plaintiff, has personal charge of the loan account at issue herein.  He avers the following.  Plaintiff and Domino entered into the following agreements: 2005 Loan and Security Agreement, 2007 Truck Lease Agreement and Equipment Schedule (collectively, the Lease), 2008 Loan and Security Agreement, 2009 Loan and Security Agreement, and 2009 Loan and Security Agreement (collectively, the Agreements). Plaintiff and Haffey entered into a Continuing Guaranty in favor of plaintiff guarantying the full and timely performance by Domino under the Agreements.

Haffey is in payment default under the Agreements and Guaranty for failure to pay the amounts due thereunder. Due to a default under the Agreements and Guaranty, plaintiff has declared the balance due under the express terms of the Agreements.  Plaintiff has notified Haffey of his default and made written demand upon him on December 13, 2010 to immediately cure the payment defaults under the Agreements. Despite demand, Haffey has failed and refused to pay the amount due and owing under the Agreements and Guaranty. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and Guaranty.

Due to the defaults, plaintiff declared the balance due under the Agreements in the amount of $999,048.98 as of December 13, 2010, including interest and accumulated late charges.  Pursuant to the terms of the Agreements and Guaranty, upon Domino's default, Haffey is liable to plaintiff for all costs incurred by plaintiff in connection with the enforcement, assertion, defense, or preservation of plaintiff's rights under the Agreements, including all reasonable attorneys' fees and the cost of collection or recovery of any Equipment. Plaintiff will incur costs and expenses in recovering the Stayed

Equipment, the exact amount of which is unknown until such equipment is sold or otherwise disposed of. Plaintiff will deduct from the gross sale price of the Stayed Equipment the costs and expenses relating to collection. (Delorge aff.)

Haffey submitted his own affidavit which will be addressed below.

Plaintiff states that, in total, as of July 6, 2011, Haffey is obligated to pay plaintiff $1,101,091.18, with interest at the default rate of 18% until satisfied, plus attorneys' fees and costs.

This matter is now before the Court on plaintiff's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

3

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **Discussion**

Haffey asserts three arguments in opposition to plaintiff's motion. None prevents summary judgment in plaintiff's favor.

First, Haffey points out that the motion and Delorge's affidavit refer to the date of the

Continuing Guaranty entered into by plaintiff and Haffey as November 21, 2008. Haffey maintains that there is no such document contained in the record. Clearly, this was a typographical error on plaintiff's part. The Continuing Guaranty is attached to the Complaint as Exhibit F. It is dated February 21, 2008. The Continuing Guaranty is also submitted as Exhibit B to the motion. Haffey does not dispute the terms of the Continuing Guaranty, or that his signature is made thereon. This argument is unpersuasive.

Second, Haffey contends that Delorge's affidavit is "based upon hearsay and hearsay upon hearsay and not personal knowledge." (Doc. 22 at 4) Haffey points to Paragraph 9 of the affidavit wherein Delorge attests that the agreements at issue are maintained by plaintiff in the "ordinary course of its business and kept... in the course of regularly continuing activities and as a regular practice." In accordance with Fed.Evid.R. 803, however, Delorge's affidavit establishes that he has personal charge of the loan account maintained by plaintiff with respect to Domino and guarantied by Haffey, and that the Continuing Guaranty and loan damages were maintained in plaintiff's ordinary course of business and kept in the course of regularly conducted activity as a regular practice of plaintiff. (Delorge aff. ¶¶ 3, 9, 31) Delorge's affidavit comports with the federal rules.

Third, Haffey submits his own affidavit wherein he avers that plaintiff "does not give credit for a $12,000.00 balance of a $17,000.00 extension agreement," "for a payment by the Trustee in Bankruptcy of $235,625.00," or "for equipment in its possession for a value of $200,000.00- $300,000.00." (Haffey aff.) No other evidence is submitted. For the following reasons, Haffey fails to raise an issue of fact.

Plaintiff submits a copy of the Extension Agreement, dated February 24, 2009, which

extends the time of payment of certain installments due. (Doc. 24 Ex. A-1) Delorge's affidavit submitted with the reply brief states, "The clear and unambiguous terms of the Extension Agreement move certain payments to the end of the loan, all other terms and conditions of the contract remain in full force. The Extension Agreement in no way provides Haffey with any credit... Further, all balances due under this account were accelerated by virtue of the default thereunder. *See* Verified Complaint ¶ 20." (Doc. 24 Ex. A) As this Court has no evidence to the contrary, Haffey's bare assertion that he is entitled to a credit under this agreement is nonavailing.

> Next, Delorge avers in the reply affidavit,
>
> Although [plaintiff] and the bankruptcy trustee have settled an adversary proceeding brought by the bankruptcy trustee, no payments have yet to be received from the trustee pursuant to that settlement, no Order has been entered on the record, and [plaintiff] has sold no equipment recovered from the trustee. As clearly stated in [plaintiff's Motion for Summary Judgment], and in particular in my Affidavit in support thereof, in the event the Stayed Equipment is recovered and sold and [plaintiff] receives any proceeds from the sale, [plaintiff] shall apply the net proceeds of any such sale to the judgment amount requested in [plaintiff's] motion.

(*Id.*) Again, Haffey presents no evidence controverting this averment.

There is no dispute that the parties entered into valid contracts, plaintiff performed under the Agreements and Guaranty, and Haffey is in breach thereof. For the reasons stated herein, damages are also uncontested. Pursuant to the Guaranty, Haffey is liable to plaintiff in the full amount of $1,101,091.18, plus attorneys' fees. Although the Stayed Equipment has not been liquidated, plaintiff is entitled to a money judgment for the full amount due regardless of plaintiff's possession of the Stayed Equipment under the Uniform Commercial Code and Ohio statutes. Plaintiff has agreed to provide Haffey with a credit with respect to the Stayed Equipment sold subsequent to the filing of this motion.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is granted in plaintiff's favor against defendant Haffey in the amount of $1,101,091.18, plus interest accruing at the default rate of 18% per annum until satisfied, plus attorneys' fees and costs. Plaintiff is to submit evidence supporting attorneys' fees and a proposed judgment entry within 30 days of this order.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/28/11